UNITED STATES *v.* SHELDON & Co. (No. 2745)[1]

1. ENTIRETIES—PACKAGES OF CANDY CONTAINING FAVORS.

Packages of candy containing favors or novelties—cheap, flimsy playthings—are not entireties. The candy and the favors are dutiable separately.

2. JUDICIAL NOTICE.

It is a matter of common knowledge that things similar to the favors or novelties at bar are used by small children as playthings and are reasonably fit for no other purpose.

3. TOYS—CANDY PACKAGE PRIZES.

Cheap and flimsy playthings, such as automobiles, banjos, sentry boxes, sleighs, etc., packed in packages of candy as favors or prizes, are toys under paragraph 1414, Tariff Act of 1922. Their flimsy construction does not prevent this, for many toys are not durable; nor does the method of their distribution—that they may be given away instead of being sold; nor does the fact that, when given away at parties, they may be thrown way instead of being taken home. What makes a thing a toy is its unfitness for any reasonable use other than as a plaything by children.

United States Court of Customs Appeals, November 19, 1926

APPEAL from Board of United States General Appraisers, G. A. 9085, T. D. 41307

[Reversed.]

*Charles D. Lawrence*, Assistant Attorney General (*Fred J. Carter*, special attorney, of counsel), for the United States.
*Curtis E. Loehle* for appellees.

[Oral argument October 29, 1926, by Mr. Lawrence and Mr. Loehle]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

So-called novelties, souvenirs, or favors, imported at the port of Chicago were classified by the collector of customs as toys and assessed for duty at 70 per centum ad valorem under that part of paragraph 1414 of the Tariff Act of 1922 which reads as follows:

1414. Dolls, and parts of dolls, doll heads, toy marbles, of whatever materials composed, * * * and all other toys, and parts of toys, not composed of china, porcelain, parian, bisque, earthern or stone ware, and not specially provided for, 70 per centum ad valorem.

---

[1] T. D. 41879.

The importer protested that the goods were advertising novelties and that they were specially provided for and dutiable either at 33⅓ per centum ad valorem under paragraph 410 as manufactures in chief value of wood or at 40 per centum ad valorem under paragraph 399 as articles in chief value of metal. The parts of paragraphs 399 and 410 of the Tariff Act of 1922 pertinent to this case are as follows:

399. Articles or wares * * * if composed wholly or in chief value of iron, steel * * * or other metal, * * * whether partly or wholly manufactured, 40 per centum ad valorem.

410. * * * manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for, 33⅓ per centum ad valorem.

The Board of General Appraisers sustained the protests as to the goods hereinafter described and the Government appealed.

The merchandise involved in the appeal consists of aeroplanes of wood, automobiles of wood, banjos of wood and paper, blotters of wood, checkers and checker boards of wood and paper, mandolins of wood, roulettes of metal, scales of metal, see-saws of wood, sentry boxes of wood, ski runners with man and pole of metal, wooden sleighs, boy of wood attached to a wooden base by a spring, steam plows of wood and metal, steam rollers of wood, washerwoman of wood on wooden platform, hen and nest of wood on wooden platform, wooden human figures, and wooden cigar boxes containing figures of wood made to jump by means of a spring. All of the articles are either tiny or small and are miniature imitations of that which they purport to represent. Many of them are of flimsy construction and might be easily broken. The articles are enclosed in candy packages as prizes which are used by candy manufacturers to advertise candy and by dance halls and theatres to attract patrons. The samples in evidence disclose that the wares are just such articles as are given to children of tender years for their amusement. It is a matter of common knowledge that things of a similar character can be and are actually used by small children as playthings and are reasonably fit for no other purpose.

The contents of the packages are not entireties and must be regarded for tariff purposes as separate and distinct entities, that is to say, candy and toys. The fact that the toys are used to advertise candies or as souvenirs by theaters and dance halls does not change the nature or character of the goods imported and if they were toys before they were inclosed in the package, their status as such was not destroyed by placing them therein.

Some of the merchandise is quite flimsy and not of a structure which would resist rough handling, but so are miniature furniture for doll houses, jumping jacks, and parian, bisque, or celluloid dolls,

and to hold that children's playthings, structurally weak, are excluded from the category of toys would make the toy paragraph applicable only to such things as could be played with by children without being readily broken. It is not the build of an article which makes it a toy but its use by children as a plaything and its unfitness for any other reasonable or practical purpose. As General Appraiser Sullivan well said, the mere selling of the articles as prizes in packages of candy and the throwing of them away in theaters and dance halls was no evidence of their use as a toy. The sale of them was a method of distribution and whether they were thrown away or taken home did not prove that they were or that they were not used as playthings.

We can not agree, however, that the brittle character of the goods disqualified them as playthings for children. It is a matter of common knowledge that there are durable playthings and flimsy playthings, costly playthings and cheap playthings, but they are all toys and whether one class or another is purchased depends on what the child wants and the ability of the buyer to pay the price.

If a cheap, easily broken article be used by children as a plaything and is reasonably suitable for no practical or other purpose, it is just as much a toy as is a durable, costly article of the same kind. Cheap and flimsy playthings are *capable* of being used more than once and that they may be broken the first time they are used, does not preclude their classification as toys. None of the things here in issue are devices which *must of necessity* be destroyed in order to amuse or which are designedly manufactured to be destroyed in order to amuse. The checkerboards are so small and so flimsy and the checkers so tiny that the article is not reasonably suitable for playing checkers by persons who are no longer children and is fit for the amusement of children only, possibly by imitating their elders.

The court is of the opinion that the goods involved in this appeal are toys, and the judgment of the Board of General Appraisers, now the United States Customs Court, as to them is therefore *reversed*.