(C. D. 1074)

W. X. Huber Co. *v.* United States

United States Customs Court, First Division

(Decided December 11, 1947)

*Philip Stein* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon,* Harold L. *Grossman, Joseph E. Weil,* and *Guy Gilbert Ribaudo,* special attorneys), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

OLIVER, Presiding Judge: This is a protest against the action of the collector of customs at Los Angeles in assessing duties on certain merchandise described on the invoice as "1 case children-toys, composed of papermâché and tin," imported from Germany. The merchandise was classified under paragraph 1513 of the Tariff Act of 1930 at 70 per centum ad valorem as toys, not specially provided for. The importer duly filed a protest claiming the merchandise to be properly dutiable under the provisions of paragraph 397 of the same act at 45 per centum ad valorem, presumably as "Articles or wares not specially provided for * * * if composed wholly or in chief value of iron * * *, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured." Subsequently, by timely motion duly granted, plaintiff amended its protest by adding: "Or, in the alternative, that the merchandise is properly dutiable at .25% under Paragraph 1403," presumably as "manufactures of papier-mâché, not specially provided for." Other general claims in the protest were not pressed either at the hearing or in the brief submitted by the plaintiff.

The trial was held in Los Angeles, evidence having been taken on February 23, 1944, September 27, 1945, and July 11, 1946. The merchandise in issue consists of two small standing figures about 3″ and 3½″ in height, respectively, each mounted on a base permitting the figures to remain in an upright position. One is a marching soldier in United States uniform and the second the figure of a member of the Coldstream Guard in uniform (collective exhibit 1). Both figures are completely covered with paint. One figure holds a sword, covered with what appears to be aluminum paint. The other figure holds a rifle and wears an overseas helmet. No portion of either figure shows any exposed metal and there is no evidence in the record that either sample contains any metal.

The testimony of plaintiff's only witness, Paul Arno, discloses that he is an interested witness, being the importer; that he dealt in toys, importing them from time to time (R. 6); that he had never previously purchased or imported articles like those here before us; that he had secured them on request for use in a motion-picture production; that

he had never sold them as toys because they were too fragile and too expensive; that he had sold toys for the last 8 years; that he had no toy department. His testimony as to personal knowledge of use after he had sold these articles is conflicting. He stated that he had never seen them used after they were sold (R. 3). Subsequently, at a later hearing, he testified he had seen them used in exhibits and for display purposes (R. 29, 30). At this hearing, he stated that he had sold some "in Santa Barbara; I sold some in San Diego, to Marston," this latter being "a gift store, novelty store" (R. 36, 38, 40). He stated that they were not suitable for use by children as they were too expensive and too fragile, but he had seen children playing with lead soldiers (R. 43).

Plaintiff also introduced in evidence a newspaper photograph published the morning of one of the hearings (exhibit 3), purporting to show similar figures, and a second photograph (exhibit 2), purporting to show similar figures on display in a home. These exhibits have little, if any, probative value as the witness had not seen the figures in the photographs and did not know of what material they were composed, or their actual size (R. 39). He had never sold his goods outside the State of California (R. 42).

The Government introduced no evidence in support of the collector's classification.

The latest expression from our court of appeals on this particular issue is contained in *United States* v. *Gardel Industries*, 33 C. C. P. A. 118, C. A. D. 325. Here, as there, the importer had the two-fold burden of proving not only that the classification made by the collector of customs was erroneous but also that his own contention was correct. The Government, in the present case, also contends that the plaintiff has failed to establish that these articles were not chiefly used for the amusement of children and that they also failed to establish the component material of chief value. The issue between the parties resolves itself into a question as to whether or not the testimony of the importer's witness was sufficient to overcome the presumption of correctness attaching to the classification by the collector.

The importer has assumed the burden of establishing by a preponderance of the evidence that at or immediately prior to the date of importation identical or similar articles were not chiefly used for the amusement of children (*New York Merchandise Co., Inc.* v. *United States*, 27 C. C. P. A. (Customs) 117, C. A. D. 72). The determination of chief use not only involves a territorial or geographical consideration, but also the quantity of the merchandise used (*United States* v. *S. S. Perry*, 25 C. C. P. A. (Customs) 282, T. D. 49395). Our appellate court has held in this connection that the uncontradicted and unimpeached testimony of a single competent and credible witness may be sufficient to overcome the presumption

in support of the collector's assessment and make out a *prima facie* case for the plaintiff. (*Catton, Neill & Co. (Ltd.*) v. *United States,* 11 Ct. Cust. Appls. 278, T. D. 39084; *United States* v. *Wanamaker,* 14 Ct. Cust. Appls. 285, T. D. 41888.)

It was stipulated in open court that "the merchandise involved in this case consists of papier mâché" (R. 24).

The witness Arno, from his own statements, appears to be insufficiently qualified by experience and familiarity with commercial practice to give credible testimony as to the chief use of the merchandise throughout the country. His testimony is not of the convincing character that is required to overcome the presumption of correctness attaching to the collector's classification. The importer's testimony that these figures were not toys is negated by the description of them in the manufacturer's official invoice where they are described as "1 case children–toys, composed of papermaché and tin." These invoices have certain evidentiary value (*United States* v. *Gardel Industries, supra*). The invoice forms part of the record and is *prima facie* evidence of what it declares (*United States* v. *Bloomingdale Bros. & Co.,* 10 Ct. Cust. Appls. 149, T. D. 38400). These figures were invoiced as "children—toys" which would at least *prima facie* establish that they were bought and sold as such (*F. W. Woolworth Co.* v. *United States,* 68 Treas. Dec. 173, T. D. 47839). The samples of the imported merchandise before us do not indicate that they could not be used for toys.

The evidence submitted by the plaintiff is not sufficient to clearly establish that at or immediately prior to the date of importation of these figures they were not chiefly used in this country for the amusement of children. Having failed to sustain its burden of proof, it is unnecessary for the court to consider the further question raised by the Government that the plaintiff did not affirmatively establish the component material of chief value.

The protest is overruled and the classification of the collector sustained.